IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-01909-BNB


BERNARD KENNETH MYERS,

      Plaintiff,

v.

DORWIN DWAYNE HUMMEL, Personal Representative
      for the Estate of Sally Myers,
SALLY. A. MYERS (Deceased), Former City of Loveland Employee,
      in her individual and official capacities,
ALICE JANE GARLAND, City of Loveland Employee (Retired),
      in her individual and official capacity,
ELIZABETH MARKHAM, City of Loveland Employee,
      in her individual and official capacity,
DEANN BEAMAN, City of Loveland Employee,
      in her individual and official capacity,
DEBORAH LAWRENCE, City of Loveland Employee,
      in her individual and official capacity,
DANA D. WOODHAMS, City of Loveland Employee,
      in her individual and official capacity,
BILL CAHILL, Loveland City Manager,
      in his individual and official capacity,
JOHN R. DUVALL, Loveland City Attorney,
      in his individual and official capacity,
SHERLYN K. SAMPSON, Larimer County Clerk of the Court,
      in her individual and official capacity,
ELLIOT PHELPS, Larimer County D.A. Chief Investigator,
      in his individual and official capacity,
LARRY ABRAMSON, Larimer County D.A.,
      in his individual and official capacity,
STEVE FRANCIS, Attorney at Law, 141 S. College Ave. Suite 102,
      Ft. Collins, CO 80524
RYAN CLEMENT, Attorney at Law, 3801 E. Florida Ave. Suite 600,
      Denver, CO 80210,
PAUL GORDON, Attorney at Law, 5500 East Yale Ave. Suite 300,
      Denver, CO 80222,
 STEVE MCWHIRTER, Attorney at Law, 1900 Grant St. Suite 1050,
      Denver, CO 80203, and

RALPH GAGLIARDI, Colorado Bureau of Investigation, 710 Kipling,
    Suite 200, Denver, CO 80215,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Bernard Kenneth Myers, a resident of Big Spring, Texas, submitted *pro se* a Complaint (ECF No. 1).  After review pursuant to the former D.C.COLO.LCivR 8.2, incorporated in D.C.COLO.LCivR 8.1(b) effective December 1, 2013, the Court on August 6, 2013, directed Mr. Myers to cure a deficiency in this action by submitting his Complaint on the proper, Court-approved form.

Mr. Myers did so on August 15, 2013, by filing an amended Complaint (ECF No. 8) asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  He also filed a letter (ECF No. 7) asking the Court to incorporate into the amended Complaint the Complaint he originally filed (ECF No. 1) and evidence from his two prior cases.  *See Myers v. City of Loveland, Colorado*, No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013); *see also Myers v. Hummel*, No. 11-cv-00400-KMT-KLM (D. Colo. March 26, 2012).  The instant action is the third lawsuit Mr. Myers has filed in this Court concerning the disposition of his late father's estate.

On September 9, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 9) granting Mr. Myers leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directing him to file a second amended Complaint on the Court-approved Complaint form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, including to assert his specific claims clearly and concisely

and the specific facts that demonstrate each named defendant's involvement in the asserted violations.  Magistrate Judge Boland informed Mr. Myers that the Court would not consider any claims raised in separate lawsuits, complaints, attachments, amendments, supplements, motions, addenda, or other documents not included in the second amended Complaint.  Magistrate Judge Boland warned Mr. Myers that if he failed to comply with the September 9 order, the entire amended Complaint, or certain claims or parties, may be dismissed without further notice.

On September 27, 2013, Mr. Myers filed a second amended Complaint (ECF No. 12).  The Court must construe the second amended Complaint liberally because Mr. Myers is not represented by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but should not  be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the second amended Complaint and the action will be dismissed.

The second amended Complaint is not on the Court-approved Complaint form as required.  Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330,

3

332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Instead of stating the claims asserted in the second amended Complaint clearly and concisely in the spaces provided on the Court-approved Complaint form, Mr. Myers used the Complaint form to refer to an attached, eighty-six-page document that makes numerous rambling and confusing allegations, but fails to assert clearly definable claims.  He also fails to provide an address for each named Defendant, instead directing the Court to review the attachments included in the attached eight-six-page document

4

for addresses.

The second amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as discussed in detail in the September 9 order for a second amended Complaint, as well as the directive in the September 9 order that Mr. Myers use the Court-approved Complaint form. The second amended Complaint fails to contain a short and plain statement of Mr. Myers' claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Neither the Court nor Defendants are required to sift through or piece together Mr. Myers' confusing allegations to determine his claims. Mr. Myer has failed to meet his responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. In short, Mr. Myers has failed to allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended Complaint does not meet the requirements of Fed. R. Civ. P. 8, and will be dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Myers files a notice of appeal he also must pay the full $505.00 appellate

filing fee, or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second amended Complaint (ECF No. 12) filed on

September 27, 2013, and the action are dismissed without prejudice pursuant to Rules

8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Bernard

Kenneth Myers, within the time allowed to file a second amended Complaint as directed

in the order of September 9, 2013 (ECF No. 9).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  17th  day of  ___January___, 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

6